UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LUKE DVORACEK,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHANIE JOHNSON, Corrections Officer at South Dakota Penitentiary Jamison, in her individual capacity; and<br>AMBER HAGEN, Corrections Officer at South Dakota Penitentiary Jamison, in her individual capacity;;<br><br>Defendants. | 4:17-CV-04132-LLP<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL, AND DISMISSING CASE |

## INTRODUCTION

Plaintiff, Luke Dvoracek, was an inmate at the South Dakota State Penitentiary (SDSP) Jamison Annex in Sioux Falls. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983, requested court appointed counsel, and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 1; Docket 3. For the reasons stated below, the Court dismisses Johnson's complaint.

## FACTUAL BACKGROUND

Dvoracek filed his complaint on September 28, 2017. Docket 1. In his complaint, Dvoracek alleges that defendants violated his Eighth Amendment rights by negligently leaving his cell open while allowing a different inmate to leave the recreation cage and enter the lockdown unit. *Id.* The other inmate subsequently assaulted Dvoracek. *Id.* Following the assault,

Dvoracek required immediate medical attention. *Id.* Dvoracek seeks relief in the form of money damages from the defendants.

## LEGAL STANDARD

The Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

28 U.S.C. § 1915A requires the Court to screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

## DISCUSSION

I. **Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Dvoracek reports average monthly deposits to his prisoner trust account of $0 and an average monthly balance of $0. Docket 4. Based on this information, the Court grants plaintiff leave to proceed in forma pauperis and waives his initial partial filing fee.

In order to pay his filing fee, Dvoracek must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

3

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Dvoraceks' institution. Dvoracek will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. Motion to Appoint Counsel

Dvoracek also moves this court to appoint counsel. Docket 1. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Id.* In this case, the facts of Dvoracek's claims are not complex, and he appears able to adequately present his § 1983 claims. Therefore, his motion is denied. Docket 1.

## III. Screening Under § 1915A

Dvoracek raises a single claim under the Eighth Amendment. Dvoracek alleges that Johnson and Hagen violated the Eighth Amendment prohibition on cruel and unusual punishment. *Id.* at 4. "Because being subjected to violent assault is not 'part of the penalty that criminal offenders [must] pay for their offenses,' '[t]he Eighth Amendment imposes a duty on the part of prison officials to protect prisoners from violence at the hands of other prisoners." *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998)).

4

In order to establish an Eighth Amendment failure-to-protect claim, a plaintiff must show that the prison official was deliberately indifferent to a 'substantial risk of serious harm. In doing so, a prisoner must satisfy two requirements. . . . The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious; i.e., whether the inmate is incarcerated under conditions posing a substantial risk of serious harm. The second requirement is subjective and requires that the inmate prove that the prison official had a sufficiently culpable state of mind. In prison conditions claims, . . . the subjective inquiry regarding an official's state of mind is one of deliberate indifference to inmate health or safety. An official is deliberately indifferent if he or she actually knows of a substantial risk and fails to respond reasonably.

*Walls v. Tadman*, 762 F.3d 778, 782 (8th Cir. 2014) (quoting *Whitson*, 602 F.3d at 923) (internal citations and quotations omitted).

Prison officials are not automatically liable for all inmate assaults. The mere negligence of prison officials does not violate the Constitution. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Smith v. Gray*, 259 F.3d 933, 934 (8th Cir, 2001) (segregation prisoners flooded their cells in protest, plaintiff was ordered to clean up the water, and the segregation prisoners threatened him; officers who let out one of the prisoners, who then attacked the plaintiff, could not be found liable because they weren't shown to have known there was a risk of assault); *Glenn v. Berndt*, 289 F. Supp. 2d 1120, 1125 (N.D.Cal. 2003) (officer who let black and white segregation prisoners out at the same time during a period of racial conflict but said it was an accident was merely negligent and not deliberately indifferent). Dvoracek only alleges that defendants were negligent for failing to secure his cell door. Negligence is insufficient to support

5

a claim based on failure to protect. Thus, Dvoracek's Eighth Amendment claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

### IV. Strike Under § 1915(g)

Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court finds that Dvoracek fails to state a claim upon which relief may be granted, and his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Therefore, Dvoracek is assessed a strike under § 1915(g) for filing this complaint.

Accordingly, it is ORDERED

1. Dvoracek's motion to proceed in forma pauperis (Docket 3) is granted.

2. Dvoracek's motion to appoint counsel (Docket 1) is denied.

3. Dvoracek's complaint (Docket 1) is dismissed without prejudice.

4. This action constitutes the strike against Johnson for purposes of the three-strike rule under 28 U.S.C. § 1915(g).

DATED this December 8th, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)      DEPUTY