UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LUKE DVORACEK,<br><br>               Plaintiff,<br><br>vs.<br><br>STEPHANIE JOHNSON, Corrections Officer at South Dakota Penitentiary Jamison, in her individual capacity; and<br>AMBER HAGEN, Corrections Officer at South Dakota Penitentiary Jamison, in her individual capacity;<br><br>               Defendants. | 4:17-CV-04132-LLP<br><br><br>ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND DENYING MOTION TO SEAL CASE |

Plaintiff, Luke Dvoracek, is an inmate at the South Dakota State Penitentiary (SDSP) Jamison Annex in Sioux Falls. On December 8, 2017, this court denied plaintiff's motion to appoint counsel and dismissed the case. Docket 6. Plaintiff now appeals the judgment (Docket 6), moves to proceed in forma pauperis on appeal (Docket 10), and moves the court to seal his case (Docket 8).

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who

appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

It appears that plaintiff's appeal is taken in good faith. Further, he has provided the court with a report of his prisoner trust account, which indicates that he has average monthly deposits to his prisoner trust account of $0 and an average monthly balance of *negative* $220.89. Docket 11. Based on this information, the court finds that § 1915(b)(1) applies. Plaintiff may proceed in forma pauperis on appeal and the court waives the initial partial appellate filing fee.

Plaintiff also moves this court to seal his case "so it can't be viewed by the public." Docket 8. The decision of whether court records should be sealed is one committed to the sound discretion of the trial court. *Webster Groves Sch. Dist. v. Pulitzer Publishing Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Plaintiff failed to establish a legal basis for ordering that the entire case be

closed to public inspection. Public policy does not favor sealing court documents unless overriding reasons can be shown for sealing. No such reason or legal basis has yet been shown.

Accordingly, it is ORDERED:

1. That Plaintiff's Motion to Seal (Docket 8) is denied.

2. That Plaintiff may proceed in forma pauperis on appeal.

3. That the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account, exclusive of funds available to plaintiff in his frozen account, exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the appellate filing fee of $505 is paid in full.

Dated this 11th day of January, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
Deputy